IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-36833 |
| | § | |
| SCS CORPORATION LTD., | § | |
|  Debtor. | § | CHAPTER 7 |
| _____ | §§ | _____ |
| | § | |
| RONALD J. SOMMERS, TRUSTEE | § | |
| OF THE BANKRUPTCY ESTATE OF | § | |
| SCS CORPORATION LTD., | § | |
| | § | |
|  Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. _____ |
| | § | |
| TIDEWATER MARINE | § | |
| INTERNATIONAL, INC. | § | |
| AND | § | |
| TROMS OFFSHORE | § | |
| MANAGEMENT AS | § | |
| | § | |
|  Defendants. | § | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550**

Ronald J. Sommers (the "Trustee"), as the Trustee of the Bankruptcy Estate of SCS Corporation Ltd., files this Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 against Tidewater Marine International, Inc. and Troms Offshore Management AS (collectively the "Defendants"), and alleges as follows:

**I.
Introduction**

1. This adversary proceeding against Defendants is brought under FED. R. BANKR. P. 7001. By this adversary proceeding, the Trustee seeks to avoid and recover, pursuant to sections

1

547, 548 and 550 of the Bankruptcy Code, a transfer that Debtor SCS Corporation Ltd. ("SCS" or "Debtor") made to Defendants.

## II.
### Jurisdiction and Venue

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(F). Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
### Parties

3. The Plaintiff is Ronald J. Sommers, the duly-appointed, qualified and acting Chapter 7 Trustee for the Bankruptcy Estate of SCS in the above-referenced Chapter 7 Bankruptcy Case of *In re SCS Corporation Ltd.*, Bankruptcy Case No. 17-36833 (the "Bankruptcy Case").

4. Defendant is Tidewater Marine International, Inc. ("Tidewater"). Upon information and belief, Tidewater is a wholly-owned subsidiary of Tidewater, Inc. and is incorporated in the Republic of Panama. Tidewater's principal place of business is in New Orleans, Louisiana. Tidewater has managerial and administrative operations in the United States. Attached hereto as **Exhibit A** are true and correct copies of invoices the Debtor received from Tidewater and that were paid during the ninety (90) days immediately preceding the Petition Date. These invoices identify Tidewater's address as New Orleans, Louisiana. Tidewater also maintains a bank account with JP Morgan Chase, NA Bank in New York, NY (the "Tidewater's Chase Bank Account"). The Subject Transfer (as that term is defined below) was made by SCS to Tidewater's Chase Bank Account. Defendant may be served with process pursuant to FED R. BANKR. P. 7004(b) by serving a copy of this Complaint and the Summons on any officer or director of

2

Tidewater Marine International, Inc., at its office at 601 Poydras Street, Suite 1500, New Orleans, Louisiana 70130.

5. Defendant is Troms Offshore Management AS ("Troms"), a foreign entity. Upon information and belief, Troms is a wholly-owned subsidiary or affiliate of Tidewater, Inc. Defendant may be served with process pursuant to FED R. BANKR. P. 7004(b) by serving a copy of this Complaint and the Summons on Troms Offshore Management AS, c/o any officer or director, Postboks 6155, Troms, Norway 09291. According to SCS's books and records, the Subject Transfer (as that term is defined below) was made by SCS to Tidewater's Chase Bank Account in payment of Trom's Invoice No. 232NO-00000167

## IV.
## Background

5. On December 22, 2017 (the "Petition Date"), SCS filed a voluntary Chapter 7 petition for relief in the United States Bankruptcy Court for the Southern District of Texas under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

6. SCS is the wholly owned subsidiary of Hyperdynamics Corporation ("HYDN"), which is a debtor in Case No. 17-36831. Prior to the Petition Date, HYDN and SCS were engaged in the exploration, operations and drilling of crude oil and natural gas offshore of the Republic of Guinea on the west coast of Africa. SCS had entered into a Production Sharing Contract with the Republic of Guinea ("PSC") that granted SCS certain rights to explore for, operate and produce crude oil and natural gas off shore of the Republic of Guinea. In connection with its operations, SCS had done business with both Defendants which included, but may not be limited to, the ninety (90) day period immediately preceding the Petition Date. Both Defendants agreed to provide SCS with goods and services in connection with SCS's oil and gas operations, on credit.

3

7. The Trustee has conducted a review of SCS's books and records for all transfers made by SCS to creditors during the ninety (90) days prior to the Petition Date, that is, from September 23, 2017 through and including December 22, 2017 (the "Preference Period").

8. SCS made a wire transfer on October 10, 2017 in the amount of $310,000.00 to Tidewater's Chase Bank Account (the "Subject Transfer"). A true and correct copy of the wire is attached hereto as **Exhibit B**.

9. Despite SCS's bank records showing the Subject Transfer was actually made to Tidewater's Chase Bank Account, SCS's statement of financial affairs and accounts payable report show that the Subject Transfer was made in payment of Trom's Invoice No. 232NO-00000167. SCS's statement of financial affairs and accounts payable report do not identify a transfer made to Tidewater in the amount of $310,000.00 on October 10, 2017.

10. Trustee has made demand for the return of the Subject Transfer. To date, the Defendants have not returned the Subject Transfer to the Trustee.

## V.
## Count 1: Avoidance of Preferential Transfer – 11 U.S.C. § 547

11. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

**A.  The Subject Transfer was made on or within ninety (90) days before the Petition Date.**

12. During the Preference Period, SCS made the Subject Transfer to Tidewater's Chase Bank Account.

**B.  The Subject Transfer was a transfer of an interest in SCS's Property.**

13. The Subject Transfer was made from SCS's bank account. Had the Subject Transfer not occurred, the property constituting the Subject Transfer would have been part of SCS's bankruptcy estate at the Petition Date. Therefore, the Subject Transfer constituted transfers of an interest of property of SCS.

**C.     The Subject Transfer was made to or for the benefit of a creditor.**

14.     Both Tidewater and Troms were creditors of SCS because each of Tidewater and Troms had invoiced SCS and had a right to payment for the equipment, goods, materials and/or services they each provided to SCS. The Subject Transfer was made, or caused to be made, to or for the benefit of Tidewater and/or Troms. Since Tidewater and Troms were each creditors, the Subject Transfer was made to or for the benefit of a creditor.

**D.     The Subject Transfer was made for or on account of an antecedent debt owed by SCS.**

15.     The Subject Transfer was made, or caused to be made, for or on account of an antecedent debt owed by SCS. The Subject Transfer was in satisfaction of or on account of an invoice for equipment, goods, materials and/or services previously provided by Troms to SCS and for which SCS owed Troms at the time the Subject Transfer was made. Thus, the Subject Transfer was made, or caused to be made, for or on account of an antecedent debt owed by SCS.

**E.     SCS was insolvent at the time the Subject Transfer was made.**

16.     During the ninety (90) days immediately preceding the Petition Date, SCS was insolvent within the meaning of Section 101(32) of the Bankruptcy Code. SCS's debts during the ninety (90) days immediately preceding the Petition Date far exceeded the fair value of their assets. In addition, SCSs' Summary of Schedules lists debts far in excess of their assets. Furthermore, SCS is presumed to have been insolvent during the Preference Period. *See* 11 U.S.C. § 547(f).

**F.     The Subject Transfer enabled Tidewater and Troms to receive more than they would have received if the case were a case under Chapter 7, the Subject Transfer had not been made, and Tidewater and Troms received payment of such debt to the extent provided by the Bankruptcy Code.**

17.     If the October 10, 2017 had not been made, Tidewater and/or Troms would have had an unsecured claim in the amount of the Subject Transfer against SCS.

18. This is a Chapter 7 case. In this case, the Trustee does not anticipate the unsecured creditors receiving a dividend equal to one hundred percent (100%) of their allowed claims. The unsecured creditors will receive significantly less than the full amount of their allowed claims. In all cases where unsecured creditors will not receive a dividend equal to one hundred percent (100%) of their allowed claims, 11 U.S.C. § 547(b)(5) is satisfied.

19. Pursuant to section 547(b) of the Bankruptcy Code, the Trustee may avoid the Subject Transfer.

20. The Trustee is entitled to avoid the Subject Transfer pursuant to section 547 of the Bankruptcy Code.

## VI.
## Count 2: Avoidance of Fraudulent Transfer – 11 U.S.C. § 548

21. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein. In addition and in the alternative of the cause of action plead above, 11 U.S.C. § 548 allows the Trustee to avoid and recover the Subject Transfer in the amount of 11 U.S.C. § 548.

22. The Subject Transfer was a fraudulent transfer under 11 U.S.C. § 548.

23. Section 548 of the Bankruptcy Code allows the Trustee to avoid and recover, for the benefit of the estate, property transferred by the debtor within two (2) years before the petition date, if the debtor received less than reasonably equivalent value in exchange for such transfer and if the debtor was insolvent on the date of such transfer.

24. The Subject Transfer occurred within two (2) years of the Petition Date.

25. On the date the Subject Transfer was made, SCS was insolvent within the meaning of Section 101(32) of the Bankruptcy Code or became insolvent as a result of the Subject Transfer. SCS was also engaged in business for which any property remaining of SCS was an unreasonably

small capital. SCS had incurred debts that were beyond SCS's ability to pay as such debts came due.

26. The Subject Transfer was made to Tidewater. SCS received less than reasonably equivalent value from Tidewater in exchange for the Subject Transfer. In fact, SCS received no value from Tidewater in exchange for the Subject Transfer. SCS's books and records reveal that the Subject Transfer was not made in payment of any Tidewater invoice or any goods, services, equipment or material provided by Tidewater.

27. Pursuant to section 548 of the Bankruptcy Code, the Trustee may avoid the Subject Transfer.

## VII.
## Count 3: Recovery of Avoided Transfers – 11 U.S.C. § 550

28. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

29. Section 550 of the Bankruptcy Code allows the Trustee to recover, for the benefit of the estate, property transferred and avoided under sections 547 and 548 from the initial transferee of such transfer or the entity for whose benefit such transfer was made. *See* 11 U.S.C. § 550(a).

30. Tidewater is the initial transferee of the Subject Transfer.

31. Troms is the entity for whose benefit the Subject Transfer was made or, in the alternative, an immediate or mediate transferee of Tidewater of the Subject Transfer.

32. As such, Trustee can recover, for the benefit of the estate, the Subject Transfer.

## VIII.
## Prayer

WHEREFORE, the Trustee requests entry of judgment against Defendants as follows:

i. Declaring the Subject Transfer to be preferential under section 547 of the Bankruptcy Code;

ii. Avoiding and setting aside the Subject Transfer under section 547(b) of the Bankruptcy Code;

iii. Declaring the Subject Transfer to be fraudulent under section 548 of the Bankruptcy Code;

iv. Avoiding and setting aside the Subject Transfer under section 548 of the Bankruptcy Code;

v. Awarding the Trustee judgment against Tidewater and Troms, jointly and severally, in the amount of the Subject Transfer and directing Tidewater and Troms to immediately repay to Trustee such amount, pursuant to section 550 of the Bankruptcy Code;

vi. Awarding the Trustee pre-judgment interest from the date of the Subject Transfer at the maximum rate permitted by law;

vii. Awarding the Trustee post-judgment interest from the date of judgment until date paid at the maximum rate permitted by law;

viii. Awarding the Trustee his costs incurred in this action; and

ix. Granting the Trustee such other and further relief as the Court deems just and proper.

Dated: August 23, 2018

Respectfully submitted,

SNOW SPENCE GREEN LLP

By: */s/ Aaron M. Guerrero*
    Aaron M. Guerrero
    State Bar No. 24050698
    Email: aaronguerrero@snowspencelaw.com
    2929 Allen Parkway, Suite 2800
    Houston, TX  77019
    Telephone: (713) 335-4800 (Main)
    Telecopier: (713) 335-4848

**ATTORNEYS FOR RONALD J. SOMMERS, CHAPTER 7 TRUSTEE**

I:\Client\SOMR6001-Hyperdynamics\17-36833 SCS BK\VENDORS\Tidewater Marine\Complaint\Tidewater-Troms Complaint.docx